IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID COOKE,

        Plaintiff,

vs.                                                         CIVIL NO.   01-103 MV/LFG

JIM CHAVEZ,
dba A.J.'s Towing et al.,

        Defendants.

## MEMORANDUM OPINION AND RECOMMENDATION[1]
## TO QUASH SERVICE OF PROCESS

THIS MATTER is before the Court on the Motion by Benito Aragon to Quash Service of Process [Doc. 5]. Benito Aragon ("Aragon") appeared specially for purposes of contesting the Court's *in personam* jurisdiction.[2] The Court's jurisdiction is challenged because Aragon contends that Plaintiff, David Cooke ("Cooke"), failed to properly effect service of process in accord with federal or state law. The motion is opposed. The Court considered the motion, response and reply and determines that oral argument is not necessary. This matter may be resolved based on the parties' submissions.

### Facts

Aragon is a deputy sheriff employed by the Sandoval County Sheriff's Office. Cooke attempted to effect service on him by delivering a copy of the Complaint and summons to Aragon at

---

[1] Within ten (10) days after a party is served with a copy of this opinion and recommendation, that party may, pursuant to 28 U.S.C. § 636(b)(1), file written objections to such opinion and recommendation. A party must file any objections within the ten-day period allowed if that party wants to have appellate review of the opinion and recommendations. If no objections are filed, appellate review will not be allowed.

[2] This report is issued pursuant to the trial judge's referral, 28 § 636(b)(1)(A).

his place of work. When the process server arrived, Aragon was not present, and the process server allegedly left the Complaint and summons with a "deputy in charge" at Aragon's place of work. Cooke admits that Aragon was not personally served, but contends that service was proper in that the Complaint and summons were left at Aragon's usual place of business. By virtue of Aragon's present motion, it is apparent that Aragon received actual notice of the lawsuit.

## Analysis

Service of process upon individuals within a judicial district is governed by Fed. R. Civ. P. 4(e). This Rule allows service in various specific ways. First, service of process may be effected in accord with the provisions of the law of the forum state. Thus, if Cooke properly served Aragon in a method or manner approved by New Mexico State rules of civil procedure, the service is effective in federal court.

To determine if Cooke complied with service of process requirements under New Mexico state rules, an examination of N.M.R.A. (2001) 004(f) is necessary. This rule discusses how service is effected on individuals other than minor or incapacitated persons. The rule states that summons may be effected, "by delivering a copy of the summons and of the complaint to the individual personally . . . ." Here, it is undisputed that personal service upon Aragon was not effected, so this portion of the State's rule on service is not applicable.

The second method of effecting service under state Rule 4(f)(1), is as follows, "if the individual refuses to receive such, by leaving the same at the location where the individual has been found." Since leaving the Complaint and summons "at the location where the individual has been found" is effective only when the proposed recipient refuses to accept the summons and complaint, the refusal to accept service is a condition precedent to effective service. Aragon was not present at

the Sandoval County Sheriff's Office at the time service was attempted. Thus, he was neither "found" at that location nor did he refuse to receive service. The condition precedent to the alternative form of service was not fulfilled and service cannot be effected on Aragon under Rule 4(f)(1).

Rule 4(f)(1) provides an alternative method for effecting service when an individual is absent. The Rule provides:

> If the individual is absent, service may be made by delivering a copy of the process or other papers to be served *to some person residing at the usual place of abode of the defendant* who is over the age of fifteen (15) years; and if there is no such person available or willing to accept delivery, then service may be made *by posting such copies in the most public part of the defendant's premises, and by mailing to the defendant at defendant's last known mailing address copies of the process.*" [emphasis added]

This Rule is explicit. Service may be made by leaving the copy and complaint with a person over age fifteen residing at the usual place of defendant's abode. An "abode" is a specific legal term of art meaning "one's home," "habitation," "place of dwelling," or "residence." Black's Law Dictionary, 7 (6th ed. 1991); see also Perez v. Health & Social Services, 91 N.M. 334, 337, 573 P.2d 689, 692 (Ct. App. 1977). It is clear that Cooke's process server did not attempt service at Aragon's place of abode, but, rather, at his place of work.

Cooke argues that delivery at one's "usual place of work" is the functional equivalent of service at one's abode. The problem with Cooke's argument is that the "statute authorizing substituted, as distinguished personal service of process, is to be strictly construed." Houchen v. Hubbell, 80 N.M. 764, 461 P.2d 413 (1969); Murray Hotel Co. v. Golding, 54 N.M. 149, 157, 216 P.2d 364, 369 (1950); Moya v. Catholic Archdiocese, 92 N.M. 278, 587 P.2d 425 (1978); *rev'd on other grounds*, 107 N.M. 245, 755 P.2d 583 (1988). One's place of work is simply not a "usual place

of abode," "dwelling place" or "habitation."  Strict construction, as required in Houchen v. Hubbell, precludes the Court from finding that one's place of work is the same as one's abode.  Since there is no evidence that Cooke effected service by leaving a copy of the Complaint and summons with a person over age fifteen at Aragon's abode, the attempted service of process at Aragon's place of work fails under New Mexico Rule 4(f)(1).

The alternative methods of service of process under federal law, specifically, Fed. R. Civ. P. 4(e) and 4(e)(2), are the same as under state law.  Since the Court concluded that service was not in accord with the same provisions of state law, it was also ineffective under federal law.

One final portion of the federal rules needs to be considered.  Fed. R. Civ. P. 4(e)(2) authorizes alternative service on an individual, "by delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process."  The affidavit submitted in support of the motion to quash indicates that the purported recipient, Officer D. Sanchez, was not authorized by Aragon or by law to receive service of process on Aragon's behalf.[3]

Cooke submits no evidence to the contrary, but only makes a public policy argument that D. Sanchez is a "officer of the law, peace officer, public servant, a responsible person, and the officer on duty at the Sandoval County Sheriff's Office."  While all of this may be true, it is simply irrelevant.  The Rule does not provide service in this alternative fashion.

The Court concludes that Aragon's motion to quash is well-taken.  Aragon has no obligation to waive service; his attorney has no duty to accept service on his behalf; and the service of process

---

[3] While there is a dispute as to whether anyone was served at the Sheriff's office, the affidavit confirms that Officer D. Sanchez was not authorized either by Aragon or by the County Sheriff to accept service.

obligation falls squarely on Cooke.  Even though Aragon has actual knowledge of the pending lawsuit, he is entitled to be served in accord with the requirements of law.  Here, Cooke has simply failed to effect service in accord with the law of the forum state,  that is, the State of New Mexico, and has failed to properly serve in accord with the requirements of Fed. R. Civ. P. 4(e).  The Magistrate Judge recommends that Cooks' attempted service of process on Aragon be quashed.

If quashed, Cooke is afforded thirty days from receipt of the Court's order to properly effect service of process and to file appropriate proofs of service.  Failure to properly serve and prove effective service can result in a dismissal without prejudice of Cooke's claims against Aragon.

*Lorenzo F. Garcia*
Lorenzo F. Garcia
United States Magistrate Judge

PLAINTIFF:
David Cooke, pro se

ATTORNEY FOR DEFENDANT ARAGON:
Laurie A. Vogel, Esq.