IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

DAVID COOKE,

    Plaintiff,

vs.                                                                                                  CIV No. 01-103 MV/LFG

JIM CHAVEZ, dba AJ's TOWING,
BENITO ARAGON, MICHAEL
CONWAY, and DOE #1

    Defendants.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on Plaintiff's Motion for Entry of Default as to Jim Chavez, filed April 10, 2001 **[Doc. No. 10];** Plaintiff's Motion for Hearing, filed June 20, 2001 **[Doc. No. 17]**; and Plaintiff's Motion for Order for Remedy to Make Compliance with Order, filed July 11, 2001 **[Doc. No. 22]**.  Having considered the motions, responses, relevant law and otherwise being fully informed, the Court finds that Plaintiff's Motion for Entry of Default as to Jim Chavez is not well taken and will be **denied;** Plaintiff's Motion for Hearing is not well taken and will be **denied**; and Plaintiff's Motion for Order for Remedy to Make Compliance with Order is well taken and will be **granted**.

### BACKGROUND

Plaintiff brought this action in order to recover his motorcycle, which is currently being held in the custody of Defendant Jim Chavez, d/b/a AJ's Towing.  On July 17, 2000, AJ's Towing

1

towed Plaintiff's motorcycle after it malfunctioned and was involved in a single-vehicle accident. AJ's Towing is refusing to release the vehicle to the Plaintiff even though the Plaintiff has offered to pay AJ's Towing for the towing and storage. AJ's Towing claims that the vehicle is "on hold" by the sheriff deputy defendants Benito Aragon, Michael Conway and Doe #1. Plaintiff has not been cited or charged with any offense relating to the above incident. Plaintiff filed his complaint on January 26, 2001. Defendant Chavez did not file a timely answer. On April 9, 2001, Plaintiff filed a motion for a default judgment against Defendant Chavez. Defendant Chavez filed an answer on April 11, 2001.

## DISCUSSION

### A.  Motion for Default Judgment

Plaintiff moves for a default judgment against Defendant Chavez for failure to answer the complaint. Default judgment is a harsh sanction, and instead, courts strongly favor resolution of a dispute on the merits. *See Ruplinger v. Rains*, 946 F.2d 731, 732 (10th Cir.1991) (quotation marks and citations omitted). Federal Rule of Civil Procedure 55(b) sets out a two-step process for a party seeking a default judgment. First, the party must obtain the Clerk's entry of default against the opposing party. This is accomplished by notifying the Court through an affidavit or otherwise that the opposing party has failed to plead or defend the lawsuit. Fed. R. Civ. P. 55(a); *see also Meehan v. Snow*, 652 F. 2d 274, 276 (2d Cir. 1981). Second, the party must actually move the Court to enter the default judgment. Fed. R. Civ. P. 55(b)(2); *see also Meehan*, 652 F. 2d at 276. The trial court is vested with broad discretion in deciding whether to enter a default judgment. *See Grandbouche v. Clancy*, 825 F. 2d 1463, 1468 (10th Cir. 1987).

In this case, Mr. Cooke has satisfied the requirements of Fed. R. Civ. P. 55. He filed a motion for default judgment, despite the fact that he was unable to obtain a Clerk's Entry of Default. This was because the day after he filed his motion for default judgment, Mr. Chavez filed his answer. Once an answer is filed, the Clerk's Office is not permitted to enter a default judgment.

However, a default judgment is not warranted in this case. Default judgment cannot be entered unless service has been effected, waived, or accepted. *See e.g., Nikwei v. Ross School of Aviation, Inc.*, 822 F.2d 939 (10th Cir. 1987); *Texas Western Financial Corp. v. Edwards*, 797 F.2d 902 (10th Cir. 1986). Mr. Chavez was not properly served. In Plaintiff's motion, he states that he served the complaint on Mr. Chavez at his place of business. Service is proper if a copy of the summons and the complaint are "delivered to the individual personally or by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion residing therein or by delivering a copy of the summons and the complaint to an agent authorized by appointment or law to receive service of process." Fed. R. Civ. P. 4(e)(2). In this case, service was not proper; therefore, Mr. Chavez's answer was not due. *See, e.g., Camp v. Guercio*, 464 F.Supp. 343, 346 (W.D. Pa..1979) (court would not enter default judgment for failure to file timely answer where evidence was conflicting as to whether amended complaint was ever served on defendant).

### B.  Motion for Hearing

Mr. Cooke requests a hearing to address three motions: Motion to Rule on Sufficiency of Service of Process; Motion to Quash Service of Process upon Benito Aragon; and Motion for

3

Default Judgment against Defendant Chavez.  The first two motions have already been ruled on.  Therefore, Mr. Cooke's motion for a hearing regarding those motions is untimely.  As to Mr. Cooke's request for a hearing on the default judgment, the Court finds that a hearing is not necessary.  The Court has determined, based upon Mr. Cooke's own admission in his pleadings, that service upon Mr. Chavez was not proper.  Therefore, as a matter of law, Mr. Cooke is not entitled to a default judgment.  Therefore, Mr. Cooke's motion for a hearing will be denied.

### C.  Motion for Order

Mr. Cooke is unable to serve Mr. Aragon because he is currently at an Federal Bureau of Investigation (FBI) training facility outside of New Mexico.  Plaintiff asks that this Court order the Marshal to execute service at the FBI training facility; or grant him an extension of time to serve Mr. Aragon; or accept service on Mr. Aragon's spouse, at his abode.  The last option is specifically authorized by the Federal Rules of Civil Procedure.  Fed. R. Civ. P. 4(e)(2) states that service may be effected by delivering a copy of the summons and of the complaint "by leaving copies thereof at the individual's dwelling house or usual place of abode with some person of suitable age and discretion then residing therein...."  Mr. Aragon's spouse is a person of suitable age and discretion and based upon Mr. Cooke's representation, resides at Mr. Aragon's home.  Therefore, Mr. Cooke would be in compliance with the rules if he left a copy of the summons and complaint with Mr. Aragon's wife, at Mr. Aragon's home.

Alternatively, as stated in the Magistrate's Recommendation, Mr. Cooke may properly effect service if he complies with New Mexico's laws for service of process.  N.M.R.A. (2001) 004(f)(1) provides a method of service if the individual is absent:

4

> If the individual is absent, service may be made by delivering a copy of the process or other papers to be served to some person residing at the usual place of abode of the defendant who is over the age of fifteen (15) years; and if there is no such person available or willing to accept delivery, then service may be made by posting such copies in the most public part of the defendant's premises, and by mailing to the defendant at the defendant's last known mailing address copies of the process.

Therefore, Mr. Cooke may also effectuate service by posting the summons and the complaint in the most public part of Mr. Aragon's home, **and** by mailing the summons and the complaint to Mr. Aragon at his last known mailing address.

## CONCLUSION

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Entry of Default as to Jim Chavez, filed April 9, 2001 **[Doc. No. 10]** is **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Hearing, filed June 20, 2001 **[Doc. No. 17]** is also **denied.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Order for Remedy to Make Compliance with Order **[Doc. No. 22]** is **granted**.

Dated this 3rd day of August, 2001.

_____
MARTHA VÁZQUEZ
UNITED STATES DISTRICT JUDGE

Attorney for Plaintiff
Pro se

Attorney for Defendant Chavez
Pro se

Attorney for Defendant Aragon
Laurie Vogel

5