IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

DAVID COOKE,

                    Plaintiff,

vs.                                                    CIVIL NO.   01-103 MCA/LFG

JIM CHAVEZ, dba A.J.'s Towing;
BENITO ARAGON, MICHAEL
CONWAY and DOE #1,

                    Defendants.

## MEMORANDUM OPINION AND ORDER
## DENYING PLAINTIFF'S REQUEST FOR DISCOVERY

THIS MATTER is before the Court on Plaintiff's Rule 56 Affidavit and request to engage in discovery [Doc. 79].  Oral argument is not necessary.

### Background

Plaintiff, David Cooke ("Cooke"),  alleges, *inter alia*, that Defendants deprived him of federally protected rights under color of law.  He brings a 42 U.S.C. § 1983 lawsuit to redress the alleged constitutional violations.

At the Rule 16 conference conducted April 24, 2002, the Court was apprised that Defendant Benito Aragon filed a proposed dispositive motion raising qualified immunity as a defense.  The qualified immunity defense protects public officials from liability in a § 1983 action unless the official violated clearly established constitutional rights of which a reasonable person would have known. Mick v. Brewer, 76 F.3d 1127, 1134 (10th Cir. 1996).  In Saucier v. Katz, 533 U.S. 194, 121 S. Ct. 2151, 2156 (2001), the Court stated:

> Qualified immunity is "An entitlement not to stand trial or face the other burdens of litigation. Mitchell v. Forsyth, 472 U.S. 511, 526, 105 S. Ct. 2806, 86 Lawyers Ed., 411 (1985). The privilege is "an [immunity from suit] rather than a mere defense to liability; and like an absolute immunity, it is effectively lost if a case is erroneously permitted to go to trial." Id.

Discovery can be a time-consuming and expensive burden of litigation. Compelling a defendant to proceed with discovery, when that defendant asserted qualified immunity, would essentially rob the defendant of the benefit of the defense. Thus, in accord with Saucier, and the Supreme Court's prior determinations in Harlow v. Fitzgerald, 457 U.S. 800, 102 S. Ct. 2727 (1982) and Anderson v. Creighton, 483 U.S. 635, 107 S. Ct. 3034 (1987), the Court stayed discovery pending a resolution of the qualified immunity motion. *See also* Gallegos v. City and County of Denver, 984 F.2d 358, 361 (10th Cir.)(successful claim of qualified immunity allows the defendant to avoid the burdens of discovery and litigation), *cert. denied*, 508 U.S. 972, 113 S. Ct. 2962 (1993).

At the Rule 16 conference, the Court instructed the parties that if discovery was necessary to allow for a response to the motion, the party seeking discovery should proceed by way of a Fed. R. Civ. P. 56(f) affidavit. The Court advised the parties that it would be insufficient to simply request discovery. Rather, the request must be specific. Courts generally require a Rule 56(f) movant to make three showings:

> (1) A description of the particular discovery the movant intends to seek;
> (2) an explanation showing how that discovery would preclude the entry of summary judgment; and,
> (3) a statement justifying why this discovery had not been or could not have been obtained earlier. [*see* Ben Ezra Weinstein & Co. v. America Online, 206 F.3d 980, 987 (10th Cir.)(party must precisely demonstrate how additional discovery will create a general issue of material fact for closing judgment), *cert. denied*, 531 U.S. 824, 121 S. Ct. 69 (2000)].

Baicker-McKee Jansen Corr, <u>Federal Civil Handbook 2001</u>, p. 773.

Cooke's Rule 56 affidavit is deficient. While he seeks to engage in discovery, he has not shown what discovery he intends to take, nor how that discovery would assist him in any fashion in responding to Defendant's *prima facie* showing. Moreover, Cooke fails to show why he could not "present by affidavit facts essential to justify [his] opposition to the motion." Fed. R. Civ. P. 56(f); <u>Diaz v. The Paul J. Kennedy Law Firm</u>, 289 F.3d 671 (10th Cir. 2002). Under these circumstances, allowing discovery would result in Defendant losing the very benefit of a qualified immunity defense, including "avoid[ing] the burdens of discovery and litigation." <u>Gallegos</u>, 984 F.2d at 361. Moreover, Cooke has already filed his response to the motion for summary judgment [*see* Doc. 79]. Thus, it would seem that Cooke's Rule 56(f) affidavit is moot since discovery was not necessary for Cooke to respond to the motion.

Motions to stay discovery are directed to the Court's sound discretion and are reviewed only for an abuse of discretion. <u>Diaz</u>, 289 F.3d at 674; <u>Munoz v. St. Mary-Corwin Hospital</u>, 221 F.3d 1160, 1169 (10th Cir. 2000). Here, in the sound exercise of the Court's discretion, discovery was stayed and Cooke has not demonstrated that the Court's ruling was an abuse of its authority.

In sum, the Court concludes that Cooke failed to demonstrate any discovery is necessary or to overcome the presumption that when a qualified immunity motion is pending, discovery should not be permitted lest a party entitled to a qualified immunity defense lose the very benefit of the defense provided by law. Therefore, the Court denies Cooke's request for discovery.

_Lorenzo F. Garcia_
Lorenzo F. Garcia
United States Magistrate Judge