IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO


**DAVID COOKE**,

      Plaintiff,

  vs.                                                  No. **CIV 01-103 MCA/LFG**

**JIM CHAVEZ**,
d/b/a **AJ'S TOWING**,
**BENITO ARAGON**, and
**DOE #1**,

      Defendants.


## MEMORANDUM OPINION AND ORDER

**THIS MATTER** comes before the Court on the following motions: (1) *Defendant Aragon's Motion for Summary Judgment on Plaintiff's Amended Complaint* [Doc. No. 73] filed on May 17, 2002; (2) *Defendant Aragon's Motion for Summary Judgment* [Doc. No. 36] filed on September 17, 2002 (3) Plaintiff's *Objection to Document #82: Memorandum Opinion and Order* [Doc. No. 83] filed on June 27, 2002; (4) Plaintiff's *Motion for Entry of Default* [Doc. No. 61] filed on April 15, 2002; (5) Plaintiff's *Motion for Entry of Default* [Doc. No. 34] filed on September 5, 2001; and (6) Plaintiff's *Motion for Hearing* [Doc. No. 30] filed on August 31, 2001. Having reviewed the pleadings, memoranda, and exhibits of record, the relevant law, and otherwise being fully advised in the premises, the Court determines that Defendant Aragon is entitled to summary judgment

with respect to all of Plaintiff's claims, that Magistrate Judge Garcia's ***Memorandum Opinion and Order Denying Plaintiff's Request for Discovery*** is not clearly erroneous or contrary to law, and that Plaintiff is not entitled to a hearing or to entry of default against Defendant Chavez.  Therefore, ***Defendant Aragon's Motion for Summary Judgment on Plaintiff's Amended Complaint*** [Doc. No. 73] is granted; ***Defendant's Aragon's Motion for Summary Judgment*** [Doc. No. 36] is denied as moot; Plaintiff's objections [Doc. No. 83] are denied; Plaintiff's motions for entry of default as to Defendant Chavez [Doc. Nos. 34 & 61] are denied; and Plaintiff's ***Motion for Hearing*** [Doc. No. 30] is denied as moot.

## I.    BACKGROUND

The gist of Plaintiff's amended complaint is that Defendants unlawfully seized and refused to return his motorcycle after he was involved in a single-vehicle accident on Interstate 25 near Bernalillo, New Mexico, on July 17, 2000.  Plaintiff alleges that these actions resulted in the violation of his right to due process and his right to be free from unreasonable searches and seizures under the United States Constitution and the New Mexico Constitution.  He also seeks to recover damages for the detention of the motorcycle under a theory of replevin.

Plaintiff and Defendant Aragon have each submitted an affidavit setting forth their respective accounts of what happened after the accident.  Defendant Aragon's affidavit provides the following account.  Defendant Aragon is an employee of the Sandoval County Sheriff's Department, and he was dispatched to the scene of the accident.  Upon arrival at

the scene, he found Plaintiff unconscious and seriously injured, requiring emergency transport to an emergency health-care facility. The motorcycle also had been damaged or wrecked in the accident. (Aragon Aff. ¶¶ 1-3, 9.)

Plaintiff regained consciousness before the ambulance arrived, and Defendant Aragon requested that Plaintiff produce his driver's license, proof of insurance, and proof of ownership of the motorcycle. Plaintiff produced an expired driver's license with no zip code and no motorcycle endorsement, and he did not have proof of insurance or proof of ownership of the motorcycle. The motorcycle itself had a generic enameled plate, which was not a valid license plate issued or recognized by the State of New Mexico. (Aragon Aff. ¶¶ 4-7.)

Defendant Aragon intended to issue traffic citations to Plaintiff but could not do so because Plaintiff's injuries prevented him from understanding that such citations were being issued. Defendant Aragon also suspected that the motorcycle may have been stolen. Under the circumstances, Defendant Aragon concluded that he could not leave the motorcycle on the highway, so he ordered a towing service to tow and store the motorcycle until Plaintiff could show proof of ownership and thereby retrieve it. Defendant Aragon claims he unsuccessfully tried to contact Plaintiff and arrange a meeting wherein the traffic citations could be issued and Plaintiff could make arrangements to retrieve the motorcycle. According to Defendant Aragon, these efforts were unsuccessful because Plaintiff never left a telephone number where he could be reached, never made an appointment to meet with him, and never provided any proof of ownership. (Aragon Aff. ¶¶ 8-13.)

Plaintiff's affidavit differs from the above account in the following respects. First, Plaintiff claims that he lost consciousness upon impact during the accident and did not regain consciousness until sometime later upon exiting the emergency room at the University of New Mexico (UNM) hospital. (Cooke Aff. ¶ 9.) He denies that the motorcycle was ever stolen (prior to July 24, 2000) and claims that there was never any stolen-vehicle report or sworn complaint to that effect. (Cooke Aff. ¶ 11.) Finally, he claims that his pager number and legal mailing address were provided to the Sheriff's Office, but that they refused to cooperate with him in his efforts to retrieve the motorcycle. (Cooke Aff. ¶¶ 8, 12, 28.)

Plaintiff alleges that Defendant Chavez does business as AJ's Towing and that AJ's Towing is the company that towed and stored the motorcycle involved in the accident. (Am. Compl. ¶¶ 4, 7.) The record reflects that Defendant Chavez answered Plaintiff's original complaint on April 11, 2001. [Doc. No. 12.] Although Plaintiff's amended complaint [Doc. No. 51] was filed on March 22, 2002, Defendant Chavez was unaware that the amended complaint had been filed when he appeared at the Rule 16 scheduling conference, and Defendant Chavez was not served with Plaintiff's amended complaint until May 10, 2002 [Doc. Nos. 65 & 70]. Defendant Chavez answered the amended complaint on May 15, 2002, [Doc. No. 72] which was within the time permitted by Magistrate Judge Garcia's Order [Doc. No. 65].

Following the Rule 16 scheduling conference, discovery in this matter was stayed by Order filed on April 25, 2002 [Doc. No. 67]. After Plaintiff filed a Rule 56 affidavit [Doc.

No. 79], Magistrate Judge Garcia again ruled that discovery is not permitted at this time due to the assertion of a qualified immunity defense. [Doc. No. 82.]

**II.     ANALYSIS**

    **A.     Plaintiff's Motions for Entry of Default and Hearing**

The standards for granting a default judgment under Fed. R. Civ. P. 55 have been previously stated in the Court's ***Memorandum Opinion and Order*** [Doc. No. 25] denying Plaintiff's initial motion for default judgment against Defendant Chavez [Doc. No. 10]. The only relevant facts that have changed since the Court's prior ruling are that Defendant Chavez was served and has answered within the time permitted by the Court. Accordingly, Defendant Chavez is not in default, and there is no valid basis upon which to enter a default judgment against him. Plaintiff is not entitled to a hearing on this issue, nor is one necessary. Plaintiff's motions for entry of default against Defendant Chavez and his motion for hearing on this issue are, therefore, denied.

    **B.     Plaintiff's Objections to Stay of Discovery**

When a defendant raises the defense of qualified immunity, a stay of discovery is generally warranted unless a sufficient showing to the contrary is made under Fed. R. Civ. P. 56(f). See Behrens v. Pelletier, 516 U.S. 299, 308 (1996); Workman v. Jordan, 958 F.2d 332, 336 (10th Cir. 1992); Jones v. City & County of Denver, Colo., 854 F.2d 1206, 1210-11 (10th Cir. 1988). Magistrate Judge Garcia's rulings on this issue concerned a nondispositive pretrial matter, and those rulings are not clearly erroneous or contrary to law. See Fed. R. Civ. P. 72(a); 28 U.S.C. 636(b)(1)(A) (1994); Comeau v. Rupp, 810 F. Supp. 1127, 1167 (D.

Kan. 1992). Accordingly, Plaintiff's objections to Magistrate Judge Garcia's decision to stay discovery are denied.

### C. Defendant Aragon's Motion for Summary Judgment on Plaintiff's Amended Complaint

As Plaintiff was granted leave to file an amended complaint after Defendant Aragon filed his first motion for summary judgment [Doc. No. 36], that motion is now moot. The Court instead bases its analysis on *Defendant Aragon's Motion for Summary Judgment on Plaintiff's Amended Complaint* [Doc. No. 73] and Plaintiff's *Amended Opposition to Defendant Aragon's Motion for Summary Judgment* [Doc. No. 84].

#### 1. Standard of Review

Under Fed. R. Civ. P. 56(c), the Court may enter summary judgment when the motion papers, affidavits, and other evidence submitted by the parties show that no genuine issue exists as to any material fact and that the moving party is entitled to judgment as a matter of law. A "genuine issue" exists where the evidence before the Court is of such a nature that a reasonable jury could return a verdict in favor of the non-moving party as to that issue. See Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248-52 (1986). A fact is "material" if it might affect the outcome of the case. See id. at 248. Judgment is appropriate "as a matter of law" if the nonmoving party has failed to make an adequate showing on an essential element of its case, as to which it has the burden of proof at trial. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986).

In order to warrant consideration by the Court, the factual materials accompanying a motion for summary judgment must be admissible or usable at trial (although they do not necessarily need to be presented in a form admissible at trial). See id. at 324. Thus, the Court only considers affidavits that set forth facts "based on personal knowledge" which "would be admissible in evidence; conclusory and self-serving affidavits are not sufficient" to defeat a motion for summary judgment. Hall v. Bellmon, 935 F.2d 1106, 1111 (10th Cir. 1991).

Apart from these limitations imposed by the Federal Rules of Evidence, it is not the Court's role to weigh the evidence, assess the credibility of witnesses, or make factual findings in ruling on a motion for summary judgment. Rather, the Court assumes the evidence of the non-moving party to be true, resolves all doubts against the moving party, construes all evidence in the light most favorable to the non-moving party, and draws all reasonable inferences in the non-moving party's favor. See Hunt v. Cromartie, 526 U.S. 541, 551-52 (1999).

Plaintiff asserts a claim under 42 U.S.C. § 1983 for violation of his federal constitutional rights. A claim against an individual under 42 U.S.C. § 1983 is subject to the affirmative defense of qualified immunity. When a defendant raises the defense of qualified immunity in a summary-judgment motion, the burden shifts to the plaintiff to establish that the defendant's actions violated a federal constitutional or statutory right and that the right at issue was clearly established at the time of the defendant's unlawful conduct. See Gross v. Pirtle, 245 F.3d 1151, 1155-56 (10th Cir. 2001). If the plaintiff fails to meet this burden,

then the Court must grant the defendant qualified immunity. See id. at 1156. If the plaintiff does establish the violation of a clearly established constitutional or statutory right, then (for purposes of the defendant's summary-judgment motion) the burden shifts to the defendant to prove that there are no genuine issues of material fact and that he or she is entitled to judgment as a matter of law. See id.

### 2. Plaintiff's Fourth Amendment Claims

In this case, Defendant Aragon did not violate Plaintiff's Fourth Amendment rights by searching or seizing his person for the purpose of looking for his driver's license, proof of ownership, and proof of insurance. Under the circumstances, Defendant Aragon's activities at the scene of the accident fell within legitimate "community caretaking functions." Cady v. Dombrowski, 413 U.S. 433, 441 (1973); accord United States v. Lugo, 978 F.2d 631, 635-36 (10th Cir. 1992); Apodaca v. State Taxation & Revenue Dep't, 118 N.M. 624, 626, 884 P.2d 515, 517 (Ct. App. 1994). Moreover, under New Mexico law Plaintiff had no legitimate expectation of privacy in his license, registration, or insurance documents when he was operating a motor vehicle and the officer requested to see such documents. See State v. Reynolds, 119 N.M. 383, 386, 890 P.2d 1315, 1318 (1995).

Plaintiff also has failed to establish that Defendant Aragon's search or seizure of the motorcycle violated his Fourth Amendment rights. The existence of a cognizable Fourth Amendment right to be free from unreasonable searches and seizures of a motor vehicle depends on two factors: whether the individual in question has exhibited a subjective expectation of privacy in the vehicle, and whether society recognizes that subjective

expectation as reasonable. See United States v. Rascon, 922 F.2d 584, 586 (10th Cir. 1990). Although formal documentation (such as a certificate of title or registration form) is not necessarily required in order to establish proof of ownership or legitimate possession, mere possession or control of the vehicle alone is not sufficient to satisfy this test. See United States v. Jefferson, 925 F.2d 1242, 1249-50 (10th Cir. 1991); United States v. Arango, 912 F.2d 441, 445 (10th Cir. 1990).

In this case, the affidavits submitted with the parties' briefs only show that Plaintiff was driving the motorcycle at the time of the accident. Plaintiff has not produced any evidence that calls into question Defendant Aragon's assertions that no proof of ownership or proof of insurance for the motorcycle was found at the scene of the accident, that the motorcycle did not have a valid license plate, that Plaintiff's driver's license had expired, and that Plaintiff's expired license did not have a motorcycle endorsement. Plaintiff's affidavit provides no admissible evidence of why the motorcycle belongs to him or from whom he acquired it. Rather, he simply points to the absence of a stolen-vehicle report or a complaint that the vehicle was stolen.

The absence of a stolen-vehicle report or complaint is not dispositive, because it is not Defendant Aragon's burden to prove that the motorcycle was in fact stolen. Rather, it is Plaintiff's burden to establish that he has an interest in the motorcycle that is protected by the Fourth Amendment. See Gross, 245 F.3d at 1155-56; Arango, 912 F.2d at 444; Rascon, 922 F.2d at 587; cf. Hall, 935 F.3d at 1111 (noting that conclusory and self-serving affidavits

are not sufficient to defeat a motion for summary judgment). As the admissible evidence shows no more than mere possession, Plaintiff has not met this burden.

Even assuming that Plaintiff has a cognizable Fourth Amendment right with respect to the motorcycle, Defendant Aragon is entitled to qualified immunity because an officer in this situation could reasonably but mistakenly conclude that such a right was absent based on Plaintiff's failure to produce any evidence that he owned or lawfully possessed the motorcycle. See Saucier v. Katz, 533 U.S. 194, 205-06 (2001); Anderson v. Creighton, 483 U.S. 635, 640 (1987). For these reasons, Defendant Aragon is entitled to summary judgment on Plaintiff's Fourth Amendment claims.

### 3.     **Plaintiff's Due Process Claims**

The Due Process Clauses of the Fifth and Fourteenth Amendments guarantee a vehicle owner's right to a post-deprivation hearing regarding the towing and impoundment of that vehicle. See Sandia v. Rivera, 2002-NMCA-057, ¶ 12, 132 N.M. 201, 46 P.3d 108. This right was clearly established at the time of the events at issue here. See Summers v. Utah, 927 F.2d 1165, 1169 (10th Cir. 1991).

In order to avail himself of the constitutional right to procedural due process in this case, however, Plaintiff must first establish that he has a recognized property or liberty interest in the motorcycle. See Board of Regents v. Roth, 408 U.S. 564, 576-78 (1972); cf. In re One 1986 Peterbilt Tractor, 1997-NMCA-050, ¶ 11, 123 N.M. 387, 940 P.2d 1182 (concluding that a claimant lawfully may be required to produce documents that provide evidence of his title in order to recover a vehicle with an altered vehicle identification

number). "Procedural due process is only available to plaintiffs that establish the existence of a recognized property or liberty interest." Stidham v. Peace Officer Standards & Training, 265 F.3d 1144, 1149 (10th Cir. 2001). "We cannot simply assume that an interest protected by the Due Process Clause exists and then inquire as to whether the parties have received the process due to them." Double J. Land & Cattle Co. v. U.S. Dep't of Interior, 91 F.3d 1378, 1381 (10th Cir. 1996).

"To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it." Roth, 408 U.S. at 577. In this case, the admissible evidence submitted with the parties' briefs does not establish that Plaintiff has a legitimate claim of entitlement to the motorcycle. Rather, the pleadings and affidavits of record only show Plaintiff's unilateral expectation that the motorcycle would be returned to him after the accident. In the absence of any evidence of proof of ownership or lawful possession of the motorcycle, Plaintiff has failed to establish the existence of a protected liberty or property interest that is sufficient to trigger the procedural protections of the Due Process Clause. Accordingly, Defendant Aragon is entitled to summary judgment on Plaintiff's due-process claims.

Even assuming the existence of a protected property interest, Defendant Aragon is entitled to summary judgment on Plaintiff's due-process claims for two additional reasons. First, mere negligence in failing to respond promptly or frequently to Plaintiff's telephonic requests for the return of the motorcycle "is not an actionable deprivation under the Due

Process Clause of the Fourteenth Amendment." Williams v. Soligo, 104 F.3d 1060, 1061 (8th Cir.1997); accord Daniels v. Williams, 474 U.S. 327, 330-31 (1986); Hall, 935 F.2d at 1113-14.  Second, Defendant Aragon is entitled to qualified immunity due to the lack of clearly established law applicable to the facts of this case.  See Trotter v. Regents of the Univ. of N.M., 219 F.3d 1179, 1185 (10th Cir. 2000).

### 4. Plaintiff's State Law Claims

Plaintiff also asserts that Defendant Aragon violated his rights under the New Mexico Constitution and the theory of replevin.  42 U.S.C. § 1983 does not provide a cause of action for enforcement of state laws, see Jones, 854 F.2d at 1209; Doe v. Leach, 1999-NMCA-117, ¶ 21, 128 N.M. 28, 988 P.2d 1252, and interpretation of a state constitution typically involves novel or complex issues of state law over which federal courts may decline to exercise supplemental jurisdiction pursuant to 28 U.S.C. § 1367(c) (2000).  The Court concludes, however, that the particular issues of state law that are the subject of Defendant Aragon's motion for summary judgment are neither novel nor complex.  Accordingly, the Court now addresses those issues as well.

The New Mexico Constitution contains provisions which prohibit "unreasonable searches and seizures, " N.M. Const. art. II, § 10, and "depriv[ation] of life, liberty or property without due process of law," id. art II, § 18.  The meaning and effect of these provisions may diverge from that of their federal counterparts when it is shown that the federal analysis is flawed, state characteristics are distinctive, or there exist structural differences between state and federal government.  See State v. Gomez, 1997-NMSC-006,

¶ 19, 122 N.M. 777, 932 P.2d 1. "[W]hen a party asserts a state constitutional right that has *not* been interpreted differently than its federal analog, a party also must assert *in the trial court* that the state constitutional provision at issue should be interpreted more expansively than the federal counterpart *and* provide reasons for interpreting the state provision differently from the federal provision." Id. ¶ 23.

The New Mexico Supreme Court has established precedent construing Article II, Section 10 of the New Mexico Constitution to provide more protection than the Fourth Amendment to the United States Constitution. See Gomez, 1997-NMSC-006, ¶ 24. The State's intermediate appellate court has indicated, however, that the "reasonable expectation of privacy" test still applies under this provision of the New Mexico Constitution, see, e.g., State v. Wright, 119 N.M. 559, 563, 893 P.2d 455, 459 (Ct. App. 1995), and there is no indication that the State's highest court is inclined to adopt a different test, see Reynolds, 119 N.M. at 386, 890 P.2d at 1318. The evidence presently before the Court is insufficient to show that Plaintiff has such a reasonable expectation with regard to the motorcycle seized by Defendant Aragon. Hence, Defendant Aragon is entitled to summary judgment on Plaintiff's claims under Article II, Section 10 of the New Mexico Constitution.

Plaintiff has not identified any established precedent of the New Mexico Supreme Court suggesting a divergent approach to the issue of procedural due process under the New Mexico Constitution, nor has he provided any cogent reasons for viewing this issue differently under the state constitution. In addition, the Court finds no basis under the interstitial approach articulated in Gomez, 1997-NMSC-006, ¶ 21, for interpreting the Due

Process Clause of the New Mexico Constitution in a manner that would relieve Plaintiff of the burden of showing that he has a legitimate claim of entitlement to the motorcycle under the circumstances of this case.  See State v. Woodruff, 1997-NMSC-061, ¶ 38, 124 N.M. 388, 951 P.2d 605.  As Plaintiff has not met that burden, Defendant Aragon is entitled to summary judgment on this claim as well.

Under Fed. R. Civ. P. 64, Plaintiff's attempt to avail himself of the remedy of replevin is governed by state law, namely New Mexico's replevin statute, N.M. Stat. Ann. §§ 42-8-1 to -22 (1978).  "Any replevin action initiated pursuant to New Mexico's statute must comply strictly with the statutory requirements in order not to violate a defendant's due process rights."  First Nat'l Bank v. Southwest Yacht & Marine Supply Corp., 101 N.M. 431, 434, 684 P.2d 517, 520 (1984).  These statutory requirements include an affidavit that states "specific facts from which it clearly appears that the allegations are justified."  Id.   The materials submitted by Plaintiff in response to Defendant Aragon's motion for summary judgment are insufficient to establish that the requirements of New Mexico's replevin statute have been satisfied in this case.  Accordingly, Defendant Aragon is entitled to summary judgment on Plaintiff's claim for replevin as well.

        **D.**      **Remaining Claims Against Defendant Chavez**

The foregoing analysis of Plaintiff's claims against Defendant Aragon may apply with equal force to Plaintiff's claims against Defendant Chavez to the extent that Defendant Chavez is deemed to be a state actor for purposes of analyzing Plaintiff's constitutional claims, and the requirements of New Mexico's replevin statute also apply in actions against

private defendants. Before deciding whether to grant summary judgment *sua sponte* on Plaintiff's claims against Defendant Chavez, however, the Court will afford Plaintiff an opportunity to address the question whether his claims against Defendant Chavez also should be dismissed. Accordingly, Plaintiff is given fourteen (14) days from the entry of this *Memorandum Opinion and Order* in which to file and serve a response brief showing why Defendant Chavez is not entitled to summary judgment under Fed. R. Civ. P. 56. Plaintiff is further advised that his failure to respond within fourteen (14) days from the entry of this *Memorandum Opinion and Order* may result in the entry of an order granting summary judgment in favor of Defendant Chavez and dismissing this action with prejudice. Should Plaintiff elect to file such a response, Defendant Chavez will be afforded fourteen (14) days from the service of Plaintiff's brief in which to file and serve a reply to Plaintiff's response.

### III.   CONCLUSION

For the foregoing reasons, Defendant Aragon is entitled to summary judgment, Defendant Chavez is not in default, Magistrate Judge Garcia's decision to stay discovery is affirmed, and Plaintiff is not entitled to another hearing.

**IT IS, THEREFORE, ORDERED** that *Defendant Aragon's Motion for Summary Judgment on Plaintiff's Amended Complaint* [Doc. No. 73] filed on May 17, 2002, is **GRANTED,** and all of Plaintiff's claims against Defendant Aragon in this action are **DISMISSED WITH PREJUDICE**.

**IT IS FURTHER ORDERED** that:

1. Plaintiff's *Objection to Document #82: Memorandum Opinion and Order* [Doc. No.83] is **DENIED** and Magistrate Judge Garcia's *Memorandum Opinion and Order Denying Plaintiff's Request for Discovery* [Doc. No. 82] is **AFFIRMED**;

2. Plaintiff's *Motion for Entry of Default* [Doc. No. 61] filed on April 15, 2002, is **DENIED**;

3. Plaintiff's *Motion for Entry of Default* [Doc. No. 34] filed on September 5, 2001, is **DENIED**;

4. Plaintiff's *Motion for Hearing* [Doc. No. 30] is **DENIED**;

5. *Defendant Aragon's Motion for Summary Judgment* [Doc. No. 36] filed on September 17, 2001, is **DENIED AS MOOT**;

6. Plaintiff is granted fourteen (14) calendar days from the entry of this *Memorandum Opinion and Order* in which to file and serve a response brief showing why Defendant Chavez is not entitled to summary judgment under Fed. R. Civ. P. 56; and

7. If Plaintiff files such a brief, then Defendant Chavez is granted fourteen (14) calendar days from the service of Plaintiff's brief in which to file and serve a reply brief.

**SO ORDERED**, this 23rd day of October, 2002, in Albuquerque, New Mexico.

_____
**M. CHRISTINA ARMIJO**
United States District Judge